UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **CAROLYN RAY TURNBOW-AVERY,** | |
| Plaintiff, | Case No. 1:23-cv-720 |
| v. | **JUDGE DOUGLAS R. COLE**<br>Magistrate Judge Bowman |
| **LOUIS DEJOY, POSTMASTER GENERAL,** | |
| Defendant. | |

**OPINION AND ORDER**

Carolyn Ray Turnbow-Avery, a long-time United States Postal Service employee, lost her job on November 15, 2021, after 22 years. (Compl., Doc. 1, #3; Mot. to Dismiss, Doc. 6, #32). She challenged her dismissal through a union grievance process. (Doc. 1, #5; Doc. 6, #32). The parties settled that grievance, with the Postal Service agreeing to reinstate Turnbow-Avery, to provide backpay, and to "apply a make whole remedy in accord with ELM 436." (Doc. 1, #5; Doc. 6, #32). Turnbow-Avery now claims that the Postal Service provided insufficient backpay. (Doc. 1, #3). So, proceeding pro se, she sued Postmaster General of the United States Louis DeJoy seeking the additional backpay to which she claims she is entitled. (Doc. 1).

The matter is now before the Court on two motions. DeJoy moves to dismiss the case for lack of jurisdiction. (Doc. 6). In brief, the argument is that, although Turnbow-Avery's Complaint named DeJoy, the remedy she seeks (backpay) is a remedy against the Postal Service. That makes it an official-capacity claim against

DeJoy, so the true Defendant is the Postal Service. But the Postal Service, as an arm of the United States, enjoys sovereign immunity, absent a waiver of that immunity. Turnbow-Avery's suit relies on two statutes—the Backpay Act, 5 U.S.C. § 5596, and 28 U.S.C. § 1343(a)(3)—but Defendant argues neither waives sovereign immunity, which means the Court lacks jurisdiction over this case. Turnbow-Avery, meanwhile, has moved for summary judgment. (Doc. 12).

Having reviewed the statutory language and applicable caselaw, the Court agrees with Defendant that it lacks subject-matter jurisdiction over this case. Accordingly, for the reasons explained briefly below, the Court **GRANTS** Defendant's Motion to Dismiss (Doc. 6) and **DISMISSES** the case **WITHOUT PREJUDICE** for lack of jurisdiction. It therefore also **DENIES AS MOOT** Turnbow-Avery's Notice of Motion for Summary Judgement [sic] Pursuant to Fed. R. Civ. P. 56 (Doc. 12).

## BACKGROUND

The facts are straightforward. After Turnbow-Avery lost her long-time Postal Service job, she challenged her dismissal through her union grievance process. (Doc. 1, #3, 5; Doc. 6, #32). The Postal Service ultimately agreed to reinstate Turnbow-Avery, to provide backpay, and to "apply a make whole remedy in accord with ELM 436." (Doc. 1, #5; Doc. 6, #32). But Turnbow-Avery now claims that, since she returned to work in July 2022, the Postal Service "has intentionally been delaying [the] back pay" to which she is entitled under that agreement. (Doc. 1, #3). And she says the delay has "harmed [her] financially." (*Id.*).

2

After trying, but failing, to privately resolve the dispute to her satisfaction, (*see id.* at #7, 9), Turnbow-Avery sued DeJoy on November 3, 2023. (Doc. 1). DeJoy responded by moving to dismiss the case for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that the real Defendant is the Postal Service, which is entitled to sovereign immunity. (Doc. 6). In the alternative, he argues that the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. (*Id.* at #36–37). After Turnbow-Avery responded, (Doc. 7), and amended her response, (Doc. 8), DeJoy replied, (Doc. 9).

Turnbow-Avery then sought to amend her Complaint. (Doc. 10). Because she never attached her proposed amended Complaint or explained the grounds or basis for amendment, the Court denied her motion to amend without prejudice to refiling. (Doc. 11). But Turnbow-Avery never refiled her motion to amend. Rather, she filed a motion for summary judgment, (Doc. 12), along with an affidavit, (Doc. 13), and a deposition, (Doc. 14), in support of that motion. After receiving an extension of time, (*see* 4/17/24 Not. Order), DeJoy responded (Doc. 17). Turnbow-Avery has since replied. (Doc. 18).

Both DeJoy's motion to dismiss and Avery's motion for summary judgment are now before the Court.

## LEGAL STANDARD

As noted above, DeJoy moves to dismiss this case for lack of jurisdiction under Rule 12(b)(1) or, in the alternative, for failure to state a claim under Rule 12(b)(6). And Turnbow-Avery seeks summary judgment. "Because jurisdictional issues

3

precede consideration of the merits and because the Court concludes they are dispositive here, the Court addresses only jurisdiction in this Opinion." *Crawford v. Lawrence*, No. 1:23-cv-192, 2024 WL 169110, at *2 (S.D. Ohio Jan. 16, 2024); *see also United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155–56 (2d Cir. 1993) ("Where, as here, the defendant moves for dismissal under Rule 12(b)(1) as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first." (cleaned up)).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). And when a defendant challenges the Court's jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the *plaintiff* has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). Further, a dismissal under Rule 12(b)(1) is without prejudice because it "allows for the possibility of repleading the action to bring it within the subject matter jurisdiction of some court." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

A challenge to the court's subject-matter jurisdiction under Rule 12(b)(1) can be either facial or factual. *Id.* "A *facial* attack … merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true[.] … On the other hand, when a court reviews a … *factual* attack, … no presumptive truthfulness applies to the factual allegations." *Id.* And when reviewing a factual attack on jurisdiction, courts may consider sources outside the pleadings. *Id.* ("[A] trial court has wide discretion to allow affidavits, documents

4

and even a limited evidentiary hearing to resolve disputed jurisdictional facts."); *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003) ("[T]he court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits.").

The Court also notes that Turnbow-Avery is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010).

## LAW AND ANALYSIS

"Because the Court must have jurisdiction over this case to reach the merits, it begins with Defendant['s] arguments that the Court lacks subject-matter jurisdiction over the dispute. And because that analysis leads the Court to dismiss this action, that is as far as the analysis goes." *Gulenga v. Field Off. Dir.*, No. 1:23-cv-213, 2024 WL 248588, at *3 (S.D. Ohio Jan. 23, 2024).

Although Defendant never states whether he is making a facial or factual attack on jurisdiction, the Court determines that the Motion to Dismiss is a facial attack. "A factual challenge attacks the factual allegations underlying the assertion of jurisdiction, either through the filing of an answer or otherwise presenting

5

competing facts." *Lindke v. Tomlinson*, 31 F.4th 487, 490 n.1 (6th Cir. 2022) (citation omitted). Here, "Defendant[] ha[s] not filed an answer or presented competing facts in [his] Motion to Dismiss—let alone in any other filing. And the Motion to Dismiss attacks the sufficiency of the pleadings—the definition of a facial attack on jurisdiction." *Crawford*, 2024 WL 169110, at *3. Accordingly, in addressing the motion, the Court takes the factual allegations in the Complaint as true. *Ohio Nat'l Life Ins.*, 922 F.2d at 325. But even with that, Turnbow-Avery fails to establish that the Court has subject-matter jurisdiction over this case.

Although Turnbow-Avery names DeJoy in her Complaint, the relief she seeks, back pay, is relief that would run against the agency (her employer), not against DeJoy directly. *See Oriental Healing Clinic, Inc. v. Principi*, No. 1:04-cv-00092, 2007 WL 2033357, at *3 (N.D. Fla. July 10, 2007) ("Back pay is a remedy against an employer …."). This is therefore an official-capacity action, in which DeJoy "stand[s] in the shoes of the entity [he] represent[s]." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). And as an official-capacity suit, this action is "the equivalent of a suit against the governmental entity"—here, the Postal Service. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

But that creates a problem for Turnbow-Avery. "[T]he Postal Service enjoys federal sovereign immunity absent a waiver." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006). As a result, "[a]bsent an unequivocal waiver of [that] sovereign immunity and consent to be sued, a court does not have jurisdiction over any claims

6

made against the United States and its agencies." *Hines v. Astrue*, 876 F. Supp. 2d 1001, 1004 (S.D. Ohio 2012); *see also United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." (cleaned up)). Moreover, "[t]he burden is on *the plaintiff* to establish that the government has waived sovereign immunity." *Morris v. United States*, 540 F. App'x 477, 483 (6th Cir. 2013) (emphasis added). And "if the plaintiff cannot … [do so], the claim must be dismissed on jurisdictional grounds." *Id.* (cleaned up). In short, the court must dismiss the action without prejudice if the plaintiff does not identify an unequivocal waiver of sovereign immunity. *Ohio Nat'l Life Ins.*, 922 F.2d at 325.

So to proceed with this action, Turnbow-Avery must show that Congress has waived that immunity as to the claim that she presses here. She raises two statutes in support of her claim: 5 U.S.C. § 5596 (also called the Back Pay Act) and 28 U.S.C. § 1343(a)(3). Neither provides the necessary waiver.

The first does not provide any cause of action at all. Rather, the Back Pay Act merely permits money damages for back pay, if a plaintiff prevails. *Leistiko v. Sec'y of Army*, 922 F. Supp. 66, 75 (N.D. Ohio 1996) ("[The Back Pay Act] exists in tandem with [the Civil Service Reform Act (CSRA)]. The substantive right to review of an adverse personnel action is provided by CSRA; the Back Pay Act permits money damages if the complainant bringing suit under CSRA prevails." (citing *United States*

7

*v. Testan*, 424 U.S. 392, 406 (1976))). True, to the extent that it provides for such damages, it "waives the government's sovereign immunity that would otherwise preclude an award of back pay." *Id.* But it does not create a freestanding cause of action. *Id.* ("The Back Pay Act does not, however, provide Plaintiff with a means of bringing suit where a cause of action for wrongful termination would not otherwise exist."); *see also Carrington v. United States*, 42 F. Supp. 3d 156, 165 (D.D.C. 2014) ("The Back Pay Act does not create an alternative cause of action, rather it is an auxiliary measure that only operates at the relief stage." (citation omitted)). Rather, it essentially attaches to a Civil Service Reform Act (or similar) claim. *Leistiko*, 922 F. Supp. at 75. But Turnbow-Avery has made no such claim here.[1]

The only other statute she cites is 28 U.S.C. § 1343(a)(3). (*See* Doc. 1, #2). And that statute does not help her. "Section 1343(a)(3) is a general jurisdiction statute that 'does not waive sovereign immunity.'" *Munns v. Kerry*, 782 F.3d 402, 413 (9th Cir. 2015) (quoting *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011)); *see also Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 843 (11th Cir. 2020) (holding that § 1343 does not "provide a waiver of sovereign immunity" (citing *Beale v. Blount*, 461 F.2d 1133, 1138 (5th Cir. 1972)); *Salazar v. Heckler*, 787 F.2d 527, 528 (10th Cir.

---

[1] Turnbow-Avery filed another case in this Court raising Title VII claims based on some of these same events. (Compl., Case No. 1:23-cv-571, Doc. 1, #7–8 (alleging that Turnbow-Avery's supervisor harassed her because of her race, that the Postal Service retaliated by firing her, and that "[a]s of today 09/08/2023 Plaintiff has still not recover[ed] any of her back pay nor has she been made whole")). By the unanimous consent of the parties, that case is currently proceeding before a magistrate judge, rather than before the undersigned. (*See* Order of Consent to Jurisdiction by US Magistrate Judge Litkovitz, Case No. 1:23-cv-571, Doc. 20). Avery could perhaps include a Back Pay Act claim as an ancillary claim in that action, a topic on which the Court expresses no opinion. But that does not change the outcome here.

8

1986) ("Th[e] language [of 28 U.S.C. § 1343] does not by itself include any waiver of the sovereign immunity of the United States."); *Perkins v. Roy*, No. 04-cv-75095, 2005 WL 1529742, at *1 (E.D. Mich. June 23, 2005) ("Federal courts have repeatedly and uniformly held that … § 1343(a) does not constitute a waiver of sovereign immunity of the United States." (collecting cases)); *Gibbs v. Philadelphia Police Dep't*, No. 2:12-cv-00017, 2012 WL 6042841, at *2 (S.D. Ohio Dec. 4, 2012) ("[T]he applicability of statutes relating to general federal question and supplemental jurisdiction, as well as civil rights jurisdiction pursuant to 28 U.S.C. § 1343, are not sufficient to waive sovereign immunity.").

In sum, Turnbow-Avery has failed to meet her burden of identifying an applicable waiver of the Postal Service's sovereign immunity. That means "the claim must be dismissed on jurisdictional grounds." *Morris*, 540 F. App'x at 483 (citation omitted). And, as a result, the Court must deny Turnbow-Avery's Notice of Motion for Summary Judgement [sic] Pursuant to Fed. R. Civ. P. 56 (Doc. 12) as moot.

## CONCLUSION

Because Turnbow-Avery has identified no statute waiving Defendant's sovereign immunity, the Court **GRANTS** Defendant's Motion to Dismiss (Doc. 6) and **DISMISSES** Turnbow-Avery's Complaint (Doc. 1) **WITHOUT PREJUDICE** for lack of jurisdiction. It therefore also **DENIES AS MOOT** Turnbow-Avery's Notice of Motion for Summary Judgement [sic] Pursuant to Fed. R. Civ. P. 56 (Doc. 12). Accordingly, the Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

**SO ORDERED.**

May 28, 2024
**DATE**

**DOUGLAS R. COLE
UNITED STATES DISTRICT JUDGE**

10